IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 22-cv-02248-PAB-STV

TRAVIS CRAWFORD,

    Plaintiff,

v.

TRISTAR RISK MANAGEMENT, and
COUNTY OF MESA, COLORADO,

    Defendants.

---

**ORDER**

---

This matter is before the Court on plaintiff's Motion to Remand [Docket No. 28]. Defendant Tristar Risk Management ("Tristar") filed a response to the motion stating it does not object to the remand to state court. Docket No. 32 at 1.

**I.    BACKGROUND**

On July 28, 2022, plaintiff filed a complaint against Tristar in the District Court for Boulder County, Colorado. Docket No. 1-1 at 1. On August 31, 2022, Tristar removed the case to this Court, asserting diversity jurisdiction under 28 U.S.C. § 1332. Docket No. 1 at 2. On November 11, 2022, plaintiff filed an unopposed motion requesting leave to file an amended complaint to add the County of Mesa, Colorado ("Mesa County") as a defendant in the case. Docket No. 21. The magistrate judge granted plaintiff's unopposed motion to file an amended complaint against Tristar and Mesa County, Docket No. 24, and the Court docketed the amended complaint. Docket No. 25.

## II. LEGAL STANDARD

Generally, a defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). There are two basic statutory grounds for original jurisdiction in federal district courts: federal-question jurisdiction under 28 U.S.C. § 1331 and diversity jurisdiction under 28 U.S.C. § 1332. *Nicodemus v. Union Pac. Corp.*, 318 F.3d 1231, 1235 (10th Cir. 2003). Pursuant to § 1332, "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a). "For purposes of federal diversity jurisdiction, an individual's state citizenship is equivalent to domicile." *Smith v. Cummings*, 445 F.3d 1254, 1259 (10th Cir. 2006).

"Federal district courts must strictly construe their removal jurisdiction." *Env't. Remediation Holding Corp. v. Talisman Capital Opportunity Fund, L.P.*, 106 F. Supp. 2d 1088, 1092 (D. Colo. 2000). If, at any time, "a federal court determines that it is without subject matter jurisdiction, the court is powerless to continue." *Cunningham v. BHP Petroleum Great Britain PLC*, 427 F.3d 1238, 1245 (10th Cir. 2005) (citation omitted). "[I]f a non-diverse party is added to the complaint at any time prior to final judgment, the case must be remanded to state court." *McPhail v. Deere & Co.*, 529 F.3d 947, 951 (10th Cir. 2008); *see also* 28 U.S.C. § 1447(c).

## III. ANALYSIS

Plaintiff argues that this case must be remanded to state court because diversity jurisdiction no longer exists with the addition of a non-diverse party, Mesa County.

Docket No. 28 at 3.  Plaintiff is a citizen of Colorado.  Docket No. 16 at 1, ¶ 1; Docket No. 17 at 1-2, ¶¶ 2-5.  Plaintiff states that defendant Mesa County is a "municipality organized under Colorado Law," Docket No. 25 at 1, ¶ 3, and a subdivision of the state of Colorado.  Docket No. 28 at 3.  Tristar admits in its response that, "[b]ased upon the current precedent in the Tenth Circuit, Tristar does not have a basis to object to the remand to state court."  Docket No. 32 at 1.

"It is well settled that for purposes of diversity of citizenship, political subdivisions are citizens of their respective States."  *Illinois v. City of Milwaukee*, 406 U.S. 91, 97 (1972); *see also Treto v. Boulder Cnty.*, No. 11-cv-02276-REB-KMT, 2013 WL 4718719, at *4 n.2 (D. Colo. Sept. 3, 2013) (holding that Boulder County was a citizen of Colorado because it was a political subdivision of the state).  Mesa County, a political subdivision of Colorado, is therefore a citizen of Colorado.  *See Treto*, 2013 WL 4718719, at *4 n.2.  Complete diversity no longer exists because both plaintiff and defendant Mesa County are citizens of Colorado.  Since a non-diverse party was added to the complaint as a defendant, the case must be remanded to the state court.  *McPhail*, 529 F.3d at 951.

### IV.    CONCLUSION

It is therefore

**ORDERED** that plaintiff's Motion to Remand [Docket No. 28] is **GRANTED**.  It is further

**ORDERED** that this case is **REMANDED** to the District Court for Boulder County, Colorado, where it was originally filed as Case No. 2022CV30511.  It is further

**ORDERED** that this case is closed.

DATED February 21, 2023.

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge